```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ALABAMA
                 SOUTHERN DIVISION
```

VIVIAN ANN HILL,                }
                                }
    Plaintiff,                  }
                                }
v.                              }
                                }
CITY OF BIRMINGHAM BOARD OF     }
EDUCATION,                      }
                                }
    Defendant.                  }

* * * * * * * * * * * * * * * * *

SUSAN WILLIAMS REEVES,          }
                                }
    Plaintiff-in-               }
    intervention,               }   CIVIL ACTION NO.
                                }
v.                              }   02-AR-2614-S
                                }
VIVIAN ANN HILL,                }
                                }
    Defendant-in-               }
    intervention.               }

### MEMORANDUM OPINION

There are several interesting things about this case other than that it has previously been across the desks of a magistrate judge and four district judges besides this one. The buck stops here, that is, unless and until it stops with the Eleventh Circuit or with the Supreme Court.

One of the most interesting aspects of the case is that after defendant, City of Birmingham Board of Education ("the Board"), inexplicably failed to file a timely answer or other response to



the summons which accompanied the § 1981, § 1983 and Title VII complaint of plaintiff, Vivian Ann Hill ("Hill"), who was represented by Susan Williams Reeves ("Reeves"), and who took an entry of default, Hill was allowed to withdraw her jury demand without the consent of the Board, and the issue of damages was tried non-jury. Although the Board moved to set aside the default judgment, it never objected to the violation of its Seventh Amendment right to a trial by jury on the damages issue as expressly recognized in Rule 38(a), F.R.Civ.P. and in 42 U.S.C. § 1981a(c). Instead, it paid to Reeves the full amount of the judgment and plaintiff's attorney's fees fixed by the court, and rode off into the sunset.

After the Board capitulated, a new and separate controversy quickly arose between Hill and Reeves as to the proper division of the total monies paid by the Board to Reeves for the benefit of Hill. This orally manifested disagreement between Hill and Reeves came to the attention of the magistrate judge while plaintiff's attorney's fee petition against the Board was being considered. Without a motion by Reeves to intervene and without any other pleading designed to seek a resolution of the dispute between Reeves and her client, and without a formal evidentiary hearing with a court reporter upon sworn testimony, the magistrate judge filed a report to the district judge, recommending that Reeves be ordered to disgorge a significant portion of the monies she had

received from the Board in payment of the final judgment including attorney's fee assessed against the Board. In view of the undersigned's decision to decline jurisdiction, he will not comment on the rationale of, or on the conclusions reached by, the magistrate judge on the merits of the controversy after he had given the issues thoughtful consideration, except to say that the magistrate judge's report will make a valuable brief for Hill when the dispute is ultimately presented to the appropriate judicial forum or to a mediator.

Contemporaneously with the filing of her present intervention petition Reeves moved for leave to withdraw from her representation of Hill and for an expedited hearing on her objections to, and appeal from, the magistrate judge's report and recommendation. Because the main case was over by virtue of the unappealed final judgment, Hill no longer needed a lawyer to represent her *vis-a-vis* the Board. Hill has neither sought nor obtained the services of a lawyer to represent her in the unanticipated controversy with her lawyer, soon to be her former lawyer. Neither has she filed a *pro se* brief in response to the filings by Reeves.

The only possible basis for jurisdiction over the controversy between Reeves and Hill is 28 U.S.C. §1367(a), a statute never invoked by Reeves or by Hill. This statute gives the court supplementary jurisdiction over all claims "that are so related to claims in the action within such original jurisdiction that they

3

form part of the same case or controversy under Article III of the United States Constitution". Ostensibly exercising supplemental jurisdiction over an unpled dispute, the magistrate judge to whom the matter had been orally referred by the district judge who had entered the final judgment, tendered his report and recommendation to that district judge, who thereupon recused.

The magistrate judge either did not consider the possibility of declining jurisdiction pursuant to 28 U.S.C. § 1367(c), or, if he did consider that possibility, did not find a reason for declining jurisdiction or suggesting that the district judge do so. Instead, he dealt carefully and thoughtfully with the merits of this fight over the meaning and propriety of a contingent fee contract, complicated by the juxtaposition of the fee shifting device in 42 U.S.C. § 1988. Reeves objects strenuously to the magistrate judge's report and recommendation, and makes an interesting counter-argument. Rather than to agree or disagree, wholly or partially, with the magistrate judge, this court chooses, instead, to back up to square one and to decline supplemental jurisdiction entirely. The court states the following separate and several reasons for its decision in this regard. The court's reasons track and paraphrase the four reasons recognized in 28 U.S.C. § 1367(c), namely:

    1. The competing claims by Reeves and Hill raise novel and challenging issues of state law and public policy. They involve

the construction of a contingent fee contract under state law, and require an application of principles of professional ethics that arise largely, if not entirely, from state law.

  2. The fee controversy has overwhelmed the original claim in importance, and now predominates. In fact, the current misunderstanding barely relates to the case over which the court had original jurisdiction.

  3. Although the claim over which this court had original jurisdiction has not been "dismissed" [the word used in § 1367(c)(3)], it has been dispositively resolved, making the fee dispute a supplement to nothing over which this court has jurisdiction.

  4. There is at least one additional compelling reason for declining jurisdiction. It is that this court does not want to encourage lawyers and their clients to believe that the doors of this court are open to fee disputes, like this one, which are, or should be, simple contract or quantum meruit or bar association complaint matters. Furthermore, the Seventh Amendment calls for a jury trial of these competing claims if either party demanded it. Unpaid lawyers routinely expect more than $20.00 from their clients. This is obviously such a claim. See the Seventh Amendment and Rule 38(a), F.R.Civ.P.

  An appropriate separate order consistent with this opinion will be entered.

DONE this 25th day of May, 2004.

                                                /s/ William M. Acker  
                                                WILLIAM M. ACKER, JR.  
                                                UNITED STATES DISTRICT JUDGE